UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 1:22-cr-20013-RKA-3

UNITED STATES OF AMERICA

v.

HENRY MANUEL CASTRO RAMIREZ,

    Defendant.
_____/

**DEFENDANT HENRY MANUEL CASTRO RAMIREZ'S MOTION TO SUPPRESS STATEMENTS TAKEN IN VIOLATION OF RULE 5, FED. R. CRIM. P.**

COMES NOW, Defendant HENRY MANUEL CASTRO RAMIREZ ("Castro"), through counsel, and, **as an alternative** to the relief requested in his participation in the joint motion to dismiss filed by all four Co-Defendants on March 29, 2022 [D.E. 27], additionally moves to suppress – both at trial and at sentencing – statements taken by the Government in violation of Rule 5, Fed. R. Crim. P. and the due process clause of the Fifth Amendment of the U.S. Constitution.

**BACKGROUND**

1.    According to the criminal complaint, Mr. Castro and the remaining codefendants were arrested on December 24, 2021, on a vessel in the Caribbean Sea approximately 150 nautical miles south of Santo Domingo, Dominican Republic. [D.E. 1, ¶ 3]

2.    More than a week after this arrest, Mr. Castro and the codefendants were eventually transported to the Southern District of Florida, where they arrived on January 4, 2022, and were promptly interrogated by members of the DEA Miami Field Division Office. The Defense is aware of statements made by Mr. Castro during these interrogations that are either incriminating or potentially damaging to his defense – both at trial and at sentencing.

3. Upon information and belief, during the 11-12 days between arrest and arrival, Mr. Castro and the codefendants were transported between three different Coast Guard vessels, which made stops in multiple places, including Puerto Rico.

4. The criminal complaint was filed on January 5, 2022, 12 days after Mr. Castro and the codefendants were arrested and held as prisoners of the U.S. Coast Guard, charged Mr. Castro and the codefendants with conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1) & 70506(b). [D.E. 1]  On the same day, Mr. Castro and the codefendants made their initial appearances. [D.E. 4]

5. On January 20, 2022, Defendant Castro and the codefendants were indicted [D.E. 14] on one count of conspiracy to possess with intent to distribute 5kg or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 USC § 70503(a)(1); 46 USC § 70506(b), and one count of possession with intent to distribute 5kg or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 USC § 70503(a)(1); 46 USC § 70506(b), and they were each arraigned shortly thereafter. [D.E. 16-19].

6. As an alternative to the relief already requested in the joint defense motion to dismiss filed on March 29, 2022 [D.E. 27], Mr. Castro also moves to suppress any statements made by Mr. Castro himself or any of the codefendants to law enforcement, as an alternative sanction for the unreasonable, unnecessary, and unlawful delay resulting in his detention for nearly two weeks without judicial oversight and in violation of Rule 5, Fed. R. Crim. P.

7. Mr. Castro also requests an evidentiary hearing to address the reasons for the aforementioned delay in presenting him to judicial authorities.

# ARGUMENT

**A.    The government violated Rule 5(a) by failing to bring Mr. Castro before a magistrate judge "without unnecessary delay."**

8.    Rule 5(a)(1)(B) provides that "[a] person making an arrest outside the United States must take the defendant without unnecessary delay before a magistrate judge, unless a statute provides otherwise." This derives from the common law, which "obliged an arresting officer to bring his prisoner before a magistrate as soon as he reasonably could." *Corley v. United States*, 556 U.S. 303, 306 (2009) (citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 61-62 (1991) (Scalia, J., dissenting)).

9.    This presentment requirement, "which was the law in nearly every American State and the National Government," "tended to prevent secret detention and served to inform a suspect of the charges against him[.]" *Id.* (citations omitted). The Supreme Court has found violations based on delays that can be counted in hours. *See Corley*, 556 U.S. at 322; *Mallory v. United States*, 354 U.S. 449, 455 (1957); *McNabb v. United States*, 318 U.S. 332, 345 (1943). The delay in Mr. Castro's case was nearly two weeks. Under the circumstances, and following the reasoning of the Supreme Court and the text of Rule 5(a), this delay is far beyond what could be considered reasonable or necessary.

**B.    The government violated Rule 5(b) by failing to secure a criminal complaint until 11-12 days after Mr. Castro's arrest.**

10.    Similarly, the government disregarded the requirements of Rule 5(b), which states: "If a defendant is arrested without a warrant, a complaint meeting Rule 4(a)'s requirement of probable cause must be promptly filed in the district where the offense was allegedly committed."[1]

---

[1] Because this alleged offense was committed outside the United States, the statute provides for venue in any district. *See* 46 U.S.C. § 70504(b)(2) ("Venue.--A person violating section 70503 or 70508-- (1) shall

11.    This additional requirement stems from the Fourth Amendment's protection against unreasonable seizures and is generally held to require a judicial determination of probable cause within 48 hours of arrest. *See Gernstein v. Pugh*, 420 U.S. 103 (1975). Any detention beyond that period without a judicial determination of probable cause is permissible only in the case of "a bona fide emergency or other extraordinary circumstance." *County of Riverside*, 500 U.S. at 57.  Even a delay of less than 48 hours will be impermissible if it is unreasonable. "Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake," *County of Riverside*, 500 U.S. at 56, whereas Mr. Castro was detained for 11-12 days before charges were filed and he was brought before a magistrate judge.  The record fails to reveal a legitimate reason for the delay, and absent "a bona fide emergency or other extraordinary circumstances," such a delay cannot be considered reasonable. It follows that Mr. Castro's rights under Rule 5 and the Due Process Clause of the Fifth Amendment were violated.

**C.    Because Mr. Castro's alleged statement occurred before presentment and beyond six hours after arrest, and because the 11-day delay was not due to transportation or distance required to travel to the nearest magistrate, the statement must be suppressed.**

12.    Pursuant to the *McNabb-Mallory* cases and 18 U.S.C. § 3501(c),[2] the delay in Mr. Castro's presentment was unreasonable and unnecessary, thereby rendering any alleged

---

be tried in the district in which such offense was committed; or (2) if the offense was begun or committed upon the high seas, or elsewhere outside the jurisdiction of any particular State or district, may be tried in any district.").

[2] 18 U.S.C. § 3501(c) provides that, if a confession shall not be inadmissible solely because of delay in presentment, then:

> if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other

statements inadmissible. In *McNabb*, the Supreme Court held confessions inadmissible when obtained during unreasonable presentment delay. 318 U.S. at 345. Subsequently, Rule 5(a) was enacted, and the 2018 version reiterates that "[a] person making an arrest outside the United States must take the defendant without unnecessary delay before a magistrate judge, unless a statute provides otherwise." In *Mallory*, the Supreme Court held that a confession given seven hours after a defendant's arrest was inadmissible for "unnecessary delay" in presenting the defendant to the magistrate, "where the police questioned the suspect for hours 'within the vicinity of numerous committing magistrates.'" *United States v. Corley*, 129 S.Ct. 1558, 1563 (2009) (quoting *Mallory*, 354 U.S. at 455). The Court emphasized that "delay for the purposes of interrogation is the epitome of 'unnecessary delay.'" *Id*.

   13. Ultimately, in *Corley*, 129 S.Ct. at 1571, the Supreme Court held that:

> A district court with a suppression claim must find whether the defendant confessed within six hours of arrest (unless a longer delay was "reasonable considering the means of transportation and the distance to be traveled to the nearest available [magistrate]"). If the confession came within that period, it is admissible, subject to the other Rules of Evidence, so long as it was "made voluntarily and ... the weight to be given [it] is left to the jury." If the confession occurred before presentment and beyond six hours, however, the court must decide whether delaying that long was unreasonable or unnecessary under the McNabb-Mallory cases, and if it was, the confession is to be suppressed.

*Corley*, 129 S.Ct. at 1571 (internal citations omitted) (emphasis added); *see also Anderson v. United States*, 318 U.S. 350, 356 (1943) (*McNabb-Mallory* presentment requirement applicable to defendants arrested or detained for violations of federal law).

---

   detention: Provided, That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate judge or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge or other officer.

18 U.S.C. § 3501(c); *see also United States v. Corley*, 129 S.Ct. 1558, 1563-64 (2009) (discussing the statute and its historical context).

14. Applying the test articulated in *Corley* to the instant case, the Coast guard arrested Mr. Castro on May 1, 2021, 150 miles south of the Dominican Republic. The U.S. government then detained Mr. Castro for 11-12 days before interrogating him and then subsequently bringing him before a magistrate. The government brought Mr. Castro to the Southern District of Florida on January 4, 2022. But before presenting him to a magistrate, even after the delay of 11-12 days, the government had DEA agents interrogate Mr. Castro a day before his initial court appearance – before he could have access to a lawyer.

15. Accordingly, Mr. Castro's alleged statements to the DEA were made before presentment and beyond six hours of his arrest.

16. The delay of 11-12 days in this case was both unreasonable and unnecessary under the *McNabb-Mallory* cases. As the Supreme Court recently explained, "the six-hour time limit is extended when further delay is 'reasonable considering the means of transportation and the distance to be traveled to the nearest available [magistrate].'" *Corley*, 129 S.Ct. at 1564 (citing 18 U.S.C. § 3501(c); *see also Mallory*, 354 U.S. at 455 (confession given seven hours after arrest inadmissible where police questioning occurred "within the vicinity of numerous magistrates"); *Corley*, 129 S.Ct. at 1563 (citing *County of Riverside*, 500 U.S. at 61 (Scalia, J., dissenting) ("'It was clear' at common law 'that the only element bearing upon the reasonableness of delay was not such circumstances as the pressing need to conduct further investigation, but the arresting officer's ability, once the prisoner had been secured, to reach a magistrate'")). Admittedly, the government could not have brought Mr. Castro to a magistrate in a reasonable manner within 6 hours. However, the 11-12 day delay was unreasonable and unnecessary given the location of Mr. Castro's arrest was less than 24 hours from Puerto Rico.

As a point of reference, a website advertising a scheduled ferry from Santo Domingo, Dominican Republic, to San Juan, Puerto Rico states that the travel-time is approximately 13 hours.[3]

17. In the instant case, the delay was not hours or even days, but almost two weeks. Once Mr. Castro had been arrested, there was no reason or need for an 11-12 day delay in presenting him before a judicial authority. Thus, just as in *Mallory*, the alleged statements taken from Mr. Castro (and any other codefendants) must be suppressed – both at trial and at sentencing.

WHEREFORE, Defendant Henry Manuel Castro Ramirez respectfully requests, as an alternative to the joint motion to dismiss filed by all four Co-Defendants on March 29, 2022 [D.E. 27], that the Court GRANT this motion and suppress any statements taken in violation of Rule 5, Fed. R. Crim. P., both at trial and at sentencing.

Respectfully submitted,

ROGER CABRERA, P.A.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2000
Miami, Florida 33131
Telephone: (305) 823-8383
Facsimile: (305) 675-7970
Email: roger@cabrera.legal

By: */s/ Roger Cabrera*
ROGER CABRERA, ESQ.
Florida Bar No. 0148740

---

[3] *See* https://www.directferries.com/santo_domingo_san_juan_ferry.htm (Visited April 7, 2022).

- 8 -

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that, on this 8th day of April 2022, a true and correct copy of the foregoing was uploaded via the CM / ECF case filing system and thereby delivered to all parties and counsel of record.

               */s/ Roger Cabrera*
               ROGER CABRERA, ESQ.